## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

$3,044.00 IN U.S. CURRENCY,

     Defendant.

Civil Action No. TDC-15-0160

## MEMORANDUM ORDER

On January 20, 2015, Plaintiff United States of America filed its Verified Complaint for Forfeiture against Defendant $3,044.00 in U.S. Currency. ECF No. 1. The Clerk entered default in this case on July 31, 2015. ECF No. 6. Presently pending before the Court is the United States' Motion for Default Judgment and Order for Forfeiture. ECF No. 7. Having reviewed the pleadings, briefs, and supporting documents, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Motion for Default Judgment is GRANTED.

## DISCUSSION

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Rule 55(b)(2), after a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default

judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

In reviewing a Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, it remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 2010) (noting that "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability").

## II.     Forfeiture of the $3,044.00

In order for currency to be subject to forfeiture, it must meet the substantive requirements of 21 U.S.C. § 881 and the procedural requirements of the Federal Rules of Civil Procedure. To be subject to forfeiture, the property at issue must consist of one or more of the following:

"moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance," "proceeds traceable to such an exchange," or "moneys, negotiable instruments, and securities used or intended to be used to facilitate" a violation of federal drug laws. 21 U.S.C. § 881(a)(6) (2012). Here, the $3,044.00 in United States currency was seized "during the course of a traffic stop and subsequent search in Prince George's County, Maryland on May 2, 2014" of a vehicle driven by Michael J. Bacote. Compl. ¶ 2.   According to Dennis W. Maye, a Special Agent of the Drug Enforcement Administration, the currency was found in the "center console of the vehicle" that also contained a book bag containing 1,133 grams of cocaine hydrochloride, a controlled dangerous substance. Maye Decl. ¶¶ m, p.  Both electronic testing and a positive alert by a certified narcotics-sniffing canine revealed the presence of cocaine on this currency. *Id.* ¶¶ u–v.  A record check revealed that Bacote had no legitimate income in the state of Maryland at the time of the incident. *Id.* ¶ w. Accordingly, the Court concludes that the currency constituted either "money . . . intended to be furnished in exchange for a controlled substance" or "proceeds traceable to such an exchange" and is therefore subject to forfeiture. 21 U.S.C. § 881(a).

Procedurally, Rule G of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, governs a forfeiture action *in rem* arising from a federal statute.  The Government must meet the requirements of Rule G in order for the currency to be subject to forfeiture.  Here, the Complaint satisfies Rule G's requirements in that it (a) states that it is verified; (b) asserts that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a); (c) identifies the exact amount of the currency and how it was seized; (d) states the currency was seized from a specific vehicle in Prince George's County, Maryland; (e) states that the forfeiture action is brought under 21 U.S.C. § 881; and (f), through

3

the attached declaration, provides "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Fed. R. Civ. P. G(2). As the defendant is not real property, the clerk appropriately issued a warrant to arrest it. *See* ECF No. 2; *see also* Fed. R. Civ. P. G(3)(b).

The Government has also met Rule G's notice requirements. It published a notice on www.forfeiture.gov, an official government forfeiture site, for at least 30 consecutive days beginning on January 22, 2015. *See* Fed. R. Civ. P. G(4)(a)(ii), (iii)(B). The notice included details of the currency, including where and how it was seized, the deadline to file a claim under Rule G(5), and the name of the Assistant United States Attorney to be served with the claim and answer. *Id.* The notice was also sent directly to the known potential claimants, namely Michael J. Bacote, the driver of the vehicle from which the money was seized, and Draydese Celestine Womack, the person to whom the vehicle was registered. *See* Fed. R. Civ. P. G(4)(b). In its direct notices, the Government listed the date it was sent, the deadline for filing a claim, the deadline for filing an answer, and the name of the Assistant United States Attorney to be served. *See* Fed. R. Civ. P. G(4)(b)(ii). Because the United States has met the substantive requirements set out by § 881 and the procedural requirements set out by Rule G, the currency is subject to forfeiture.

## III.    Control of the Currency and Liability

The Government also requests that the Court direct that the Attorney General have custody and control over the currency. "Property taken or detained under this section . . . shall be deemed to be in the custody of the Attorney General." 21 U.S.C. § 881(c). Because the currency is forfeited under § 881, the Attorney General shall have custody of the currency.

4

Finally, the Government requests certification that there was reasonable cause for the seizure or arrest of the currency. "Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law . . . if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs." 28 U.S.C. § 2465(a)(2). Based on the facts described above, *see supra* Part II, the Court certifies that there was reasonable cause for the seizure.

Accordingly, it is hereby ORDERED that:

1. The United States' Motion for Default Judgment, ECF No. 7, is GRANTED.

2. The Attorney General is authorized to seize Defendant $3,044.00 in U.S. Currency and take custody and control of it until it may be disposed of in accordance with law.

3. This Order serve as a "proper certificate" that there was reasonable cause for the seizure of the currency. *See* 28 U.S.C. § 2465.

Date:  December 3, 2015

THEODORE D. CHUANG
United States District Judge